El Juez Asociado Sr. Pérez Pimentel no intervino.

FLORENTINA GERENA, en representación de su hija menor NILDA GERENA, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE AGUADILLA, recurrido.

Número 2062

*Sometido:* 1 de marzo de 1955.   *Resuelto:* 29 de junio de 1956.

*Bolívar Pagán,* abogado de la peticionaria; *García Méndez & García Hermida y Santiago Polanco Abréu,* abogados de los interventores, hermanos Lamela Abréu.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La peticionaria se querella de cierta orden de reapertura de un caso, dictada por el Tribunal requerido, que dejó sin efecto una anterior sentencia por desistimiento de la acción, presentado por la propia peticionaria. Los hechos jurídicos, según aparecen de los autos, son los siguientes: (1) el día 8 de febrero de 1950 falleció en Isabela, Puerto Rico, don Alfredo Lamela Abréu, dejando a su nombre ciertos bienes; (2) el día 14 de marzo de 1950 fueron declarados herederos legítimos de dicho don Alfredo Lamela Abréu sus hermanos Demetrio Mario, Manuela María, Ana Angélica y Beatríz Estela Lamela Abréu; (3) posteriormente, una presunta hija natural de don Alfredo Lamela Abréu, nombrada Ana Victoria Montalvo, conocida como Anita Lamela, demandó a sus presuntos tíos para que la reconocieran como hija natural de don Alfredo Lamela Abréu; (4) el día 27 de febrero de 1950 otra presunta hija natural de don Alfredo Lamela Abréu, nombrada Nilda Gerena, demandó a sus presuntos tíos para que la reconocieran como hija natural de don Alfredo Lamela Abréu; (5) el día 22 de agosto de 1952, por escritura pública número 114 ante el notario de Isabela don Rafael Rafols Estrada, la presunta hija natural doña Ana Victoria Montalvo, conocida por Anita Lamela, le cedió a sus presuntos tíos todos sus derechos hereditarios en el caudal relicto; (6) el día 30 de agosto de 1952 los presuntos tíos comparecieron al Tribunal de Puerto Rico, Sala de Aguadilla, en el pleito de filiación seguido por doña Ana Victoria Montalvo contra ellos, para desistir de toda oposición y allanarse a que se dictara sentencia declarando a Ana Victoria

Montalvo, conocida como Anita Lamela, hija natural reconocida de Alfredo Lamela Abréu; (7) el día 23 de enero de 1953, el Tribunal Superior de Puerto Rico, Sala de Aguadilla, dictó sentencia dejando sin efecto la declaración de herederos a favor de los tíos y declarando a Ana Victoria Montalvo, conocida como Anita Lamela, hija natural reconocida de Alfredo Lamela Abréu; (8) el día 5 de febrero de 1953, la segunda hija natural Nilda Gerena, previo permiso de la corte, presentó una demanda enmendada contra la Sucesión de Alfredo Lamela Abréu compuesta por Demetrio Mario, Beatriz. Estela, Manuela María y Ana Angélica Lamela Abréu (o sea sus presuntos tíos) y Ana Victoria Montalvo, conocida por Anita Lamela, ( o sea sus presunta hermana natural reconocida), cuya demanda enmendada fué contestada por los tíos, negando los hechos de la filiación y excepcionada por la sobrina.

Mientras esto sucede en el Tribunal Superior de Puerto Rico, Sala de Aguadilla, veamos lo que acontece en el Tribunal Superior de Puerto Rico, Sala de San Juan: (1) el día 27 de febrero de 1953, la presunta hija natural, que todavía no ha obtenido su reconocimiento, Nilda Gerena, presenta una demanda de filiación contra su hermana natural reconocida, Ana Victoria Lamela, también conocida como Ana Victoria Montalvo y Anita Lamela; (2) emplazada la hermana natural reconocida, demandada en este caso, no contesta la demanda y se le anota la rebeldía; (3) el día 27 de marzo de 1953, después de recibir la correspondiente evidencia en la vista en rebeldía, el tribunal dicta sentencia declarando a Nilda Gerena, hija natural reconocida de Alfredo Lamela Abréu; (4) el día 1ro. de abril de 1953 se le notifica la sentencia a las partes.

Después de haber sucedido esto en el Tribunal Superior de Puerto Rico, Sala de San Juan, veamos lo que acontece en el Tribunal Superior de Puerto Rico, Sala de Aguadilla: (1) el día 6 de mayo de 1953, Nilda Gerena, sin oposición de las

personas que constituyen la sucesión demandada, desiste de su acción de filiación contra sus presuntos tíos y su presunta hermana natural reconocida; (2) el 8 de mayo de 1953 el tribunal da por desistida a la demandante, sin perjuicio; (3) el día 18 de mayo de 1953 los codemandados hermanos Lamela Abréu solicitan reapertura del caso, alegando que mientras se sustanciaba este caso en el Tribunal Superior de Puerto Rico, Sala de Aguadilla, la demandante Nilda Gerena había radicado otra acción contra Ana Victoria Montalvo, conocida por Anita Lamela únicamente en el Tribunal Superior de Puerto Rico, Sala de San Juan, obteniendo su reconocimiento en rebeldía, lo cual ha sido una sorpresa para los codemandados y que dicha Ana Victoria Lamela, conocida por Ana Victoria Montalvo les había cedido cuantos derechos y acciones pudiera tener en la herencia que dejara el causante don Alfredo Lamela Abréu a los codemandados; (4) el día 13 de julio de 1953, el Tribunal Superior de Puerto Rico, Sala de Aguadilla, por voz de su ilustrado Juez señor Willis Ramos Vázquez, dejó sin efecto el desistimiento solicitado por la demandante y reabrió el caso "a fin de poder sustanciar dentro del caso todos los hechos envueltos" (t. 28).

De esta resolución de apertura del caso, es que se querella la peticionaria en el presente recurso, señalando ante nos, los siguientes errores: (1) el Tribunal Superior de Puerto Rico, Sala de Aguadilla, cometió error al reabrir el caso núm. 21,044 por carecer de jurisdicción, después que el mismo había sido desistido voluntariamente por estipulación de las partes; (2) el Tribunal Superior de Puerto Rico, Sala de Aguadilla, cometió error y/o abusó de su discreción al dictar resoluciones denegando el desistimiento voluntario y archivo de dicho caso.

La ley aplicable al caso es el art. 552 del Código de Enjuiciamiento Civil de Puerto Rico,—32 L.P.R.A. 286, sec. 2301—, en la parte que dispone: "en casos de sucesión intestada o de nulidad de un testamento, los que tengan algún

interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal Superior del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se dicte el correspondiente auto de declaración de herederos . . .”; la sec. 10 de la Ley núm. 11 de 24 de julio de 1952, conocida como “Ley de la Judicatura del Estado Libre Asociado de Puerto Rico”, en la parte que dispone: “Toda acción civil o criminal se presentará en aquella sala del Tribunal situada en el territorio en que la misma hubiese sido radicada bajo la legislación en vigor hasta el presente, pero no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello. Todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y la anuencia del Juez que presida dicha Sala en ese momento, o, de no ser así oído, será transferido por orden del Juez a la sección o sala correspondiente de conformidad con las reglas que el Tribunal Supremo adoptare”.

En este caso se trata de una acción de filiación y otros extremos que participa de la naturaleza de una acción de declaratoria de herederos, puesto que hace referencia expresamente a la muerte del causante, al último domicilio del finado, a la ubicación del caudal relicto en el último domicilio del finado y se demanda a su sucesión legítima. De acuerdo con la legislación en vigor al momento de radicarse tal acción, la misma correspondía a la Sala de Aguadilla, del Tribunal Superior de Puerto Rico.

También resulta ley aplicable al caso, la Regla 41 de las Reglas de Enjuiciamiento Civil de Puerto Rico—32 Ap. L.P.R.A. pág. 671—en la parte que dispone:

“(a) Desistimiento Voluntario; Sus Efectos.

(1) Por el Demandante; Por Estipulación. Sujeto a las disposiciones de la Regla 23 (c), el demandante puede desistir de un pleito sin orden de la corte (I) mediante la radicación de un aviso de desistimiento en cualquier fecha antes de que

se le notifique la contestación, o (II) mediante la radicación de una estipulación de desistimiento firmada por todas las partes que hayan hecho una comparecencia general en el pleito. A menos que de otro modo se exprese en el aviso de desistimiento o estipulación, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tiene el efecto de una adjudicación sobre los méritos cuando es radicado por un demandante que ha desistido anteriormente en una corte de los Estados Unidos, estatal o insular de cualquier otra acción basada en o que incluya la misma reclamación;

(2) Por Orden de la Corte. Excepto como se provee en el párrafo (1) de esta subdivisión, ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte y bajo los términos y condiciones que ella estime procedentes. Si una reconvención ha sido alegada por un demandado antes de que se le notifique la moción del demandante para desistir, la acción no será desistida contra la objeción del demandado a menos que la reconvención pueda quedar pendiente para ser adjudicada independientemente por la corte. A menos que de otro modo se especifique en la orden, un desistimiento bajo este párrafo será sin perjuicio."

y la Regla 60 (*b*) de las Reglas de Enjuiciamiento Civil de Puerto Rico—32 Ap. L.P.R.A. pág. 693, —en la parte que dispone:

"(*b*) Error, Inadvertencia, Sorpresa, Negligencia Excusable. Mediante moción, la corte, bajo aquellas condiciones que sean justas, podrá relevar a una parte o a su representante legal, de una sentencia, u orden dictada o acción tomada en su contra por error, inadvertencia, sorpresa o negligencia excusable. La moción deberá hacerse dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse dictado dicha sentencia, orden o haberse tomado dicha acción. Una moción bajo esta subdivisión no afecta la finalidad de una sentencia o suspende sus efectos. Esta regla no limita el poder de la corte (1) para tomar en consideración una acción para relevar a una parte de una sentencia, orden o procedimiento, o (2) cuando por cualquier causa el emplazamiento en una demanda no se hubiere notificado al demandado en persona, podrá la corte, en la forma que estimare

justa, permitir que dicho demandado o su representante legal, en cualquier tiempo dentro de seis meses de registrada la resolución en dicha acción, conteste dicha demanda en sus méritos."

En cuanto al primer error relacionado con la falta de jurisdicción de la Sala de Aguadilla para ordenar la apertura del caso, la peticionaria no tiene razón. Un tribunal retiene jurisdicción para liberar a una parte inocente de los efectos de una sentencia, si la misma se produce por error, inadvertencia, *sorpresa* o negligencia excusable, hasta seis meses después de dictada dicha sentencia.

No hay duda que los hermanos demandados resultan adversamente afectados por el desistimiento: (1) porque se trata de una acción de filiación, donde adquiere derecho al uso de su apellido y posibilidad de concurrir como heredera en otras sucesiones familiares, una persona, que ellos alegan, no es hija de su hermano fenecido; (2) porque habiendo ellos adquiridos los derechos hereditarios de la otra única heredera, que hasta ese momento, había sido declarada única heredera del caudal relicto, su participación en la herencia queda afectada por cualquier reconocimiento de otra heredera. Al momento de solicitar el desistimiento, la demandante aquí peticionaria, no le informó al tribunal, ni a los abogados de los demandados, que ella ya había obtenido previamente en otra Sala del tribunal, una sentencia filiatoria, sin contar con los demandados, que resultan partes adversamente afectadas. Se trata de un caso típico de sentencia adversa obtenida *por sorpresa*. La regla que debe aplicarse es la Regla 60(*b*) de las Reglas de Enjuiciamiento Civil de Puerto Rico, y no la Regla 41, según pretende la peticionaria.

En cuanto al segundo error relacionado con el abuso de discreción, no comete error por abuso de discreción, el Juez que ejercita su potestad para reabrir un caso y volver a situar a las partes en el estado en que se encontraban antes de obtenerse una sentencia de desistimiento por sorpresa. Los casos citados por la peticionaria no resuelven el derecho de

la parte, cuando se producen las circunstancias extraordinarias que aquí se produjeron.

*Debe anularse el auto expedido.*

Los Jueces Asociados Sres. Sifre y Saldaña concurren en el resultado.

El Juez Asociado Sr. Pérez Pimentel no intervino.